IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2016-FL

| | | |
|---|---|---|
| BRUCE LEE GRAY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BOB LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

Bruce Lee Gray, Jr. ("petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court on the motion to dismiss (DE # 7) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Bob Lewis ("Lewis"). The matter is ripe for adjudication. For the following reasons, the court grants Lewis' motion.

## STATEMENT OF CASE

On October 7, 1998, petitioner pleaded guilty in the Nash County Superior Court to four counts of robbery with a dangerous weapon and four counts of common law robbery. (Lewis Mem. Ex. 1.) Petitioner then was sentenced to four consecutive terms of seventy-seven (77) to one hundred two (102) months imprisonment, plus four consecutive terms of fifteen (15) to eighteen (18) months imprisonment. (Id.) Petitioner did not file a direct appeal.

On June 4, 2009, petitioner filed a *pro se* notice of belated appeal in the Nash County Superior Court. (Pet. p.4.) Petitioner states that the Nash County Superior Court construed his notice of belated appeal as a motion for appropriate relief (hereinafter "MAR") and denied the

motion. (Id. and Lewis Mem. Ex. 2 p. 1.) On July 6, 2009, petitioner submitted a *pro se* petition for a writ of certiorari to the North Carolina Court of Appeals. (Id. Ex. 2.) The court of appeals denied petitioner's petition for a writ of certiorari on July 17, 2009. (Id. Ex. 4.) On September 24, 2009, petitioner filed a *pro se* petition for discretionary review in the North Carolina Supreme Court, which was dismissed on December 10, 2009. (Id. Exs. 5 and 6.)

On January 27, 2010,[1] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. In his petition, petitioner alleges that his rights pursuant to the Fourteenth Amendment of the United States Constitution were violated when he was not afforded a direct appeal. Petitioner also alleges his trial counsel was ineffective because he failed to file an appeal on his behalf.

On March 3, 2010, Lewis filed a motion to dismiss, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Petitioner filed a response on March 30, 2010.

## DISCUSSION

I.   Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[1] Petitioner's petition was filed on February 2, 2010, but dated January 27, 2010. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his petition as January 27, 2010. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

2

face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

II. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B) the date on which the impediment to filing an application . . . is removed;
> C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

3

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

Petitioner pleaded guilty and judgment was entered on October 7, 1998. Petitioner thereafter had ten days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a).[2] Petitioner did not file an appeal. Therefore, petitioner's judgment became final on October 17, 1998. As a result, petitioner's one-year statutory period began to run on October 19, 1998,[3] and ran for three hundred sixty-five (365) days until it expired on October 19, 1999. Petitioner did not file his *pro se* MAR until almost ten years later, on June 4, 2009. The statutory period was not tolled in this case because petitioner did not seek post-conviction relief until after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665-66 (4th Cir. 2000) (stating no tolling where statute of limitations expired before the pursuit of collateral review commenced). Accordingly, petitioner's claim was filed after the expiration of the statute of limitations time period.

Petitioner argues that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th

---

[2] North Carolina Rule of Appellate Procedure 4(a) was amended effective October 31, 2001 to allow fourteen (14) days after the entry of judgment to file an appeal. However, petitioner pled guilty on October 7, 1998, prior to the Rule's amendment. Thus, petitioner had ten (10) days after the entry of judgment to file his appeal.

[3] October 17, 1998 was a Saturday. Accordingly, petitioner was permitted until the following Monday, October 19, 1998, to file any § 2254 petition. See Fed. R. Civ. P. 6(a) (amended effective Dec. 1, 2009).

4

Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Generally, ineffective assistance of counsel does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), certiorari denied, 539 U.S. 933 (2003), citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000); but see, Holland v. Florida, _ U.S. _, 130 S.Ct. 2549 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner.) However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, No. 08-8224, 2010 WL 3522005, at *1 (4th Cir. Sept. 10, 2010) (unpublished) (citing Holland, 130 S.Ct. at 2562-65.) (quotation omitted). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

Petitioner argues he is entitled to equitable tolling because he instructed his trial counsel to file a notice of appeal, and his counsel failed to follow his instruction. Petitioner has not provided

5

any facts regarding how his counsel's failure to file a notice of appeal prevented him from filing a timely MAR. Additionally, petitioner has not provided any explanation for the nearly ten year delay in filing his MAR. Rather, the court finds that with the exercise of due diligence, petitioner would have discovered that his counsel failed to file an appeal well before the expiration of the statutory period, and certainly well before he filed his MAR in 2009. See United States v. Bear, No. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2-3 (W.D. Va. 2010), appeal dismissed, Nos 10-7032, 10-7033, 2010 WL 4024929 (4th Cir. Oct. 14, 2010) (unpublished). Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit. See Rouse, 339 F.3d at 246. Thus, petitioner is not entitled to equitable tolling and his petition is time-barred.

III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and Lewis is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

6

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, Lewis's motion to dismiss (DE # 7) is GRANTED. The Clerk of Court is DIRECTED to close this case. The certificate of appealability is DENIED.

SO ORDERED, this the 18 day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge